**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 13-cv-0663-WJM-MJW

IN RE: HIGH PERFORMANCE REAL ESTATE, INC.,

DAVID E. LEWIS, Trustee,

    Plaintiff,

v.

E. CLARK RILEY, and
JUDITH A. RILEY,

    Defendants.

## ORDER DENYING MOTION TO WITHDRAW THE REFERENCE

This matter is before the Court on a Motion to Withdraw the Reference of the Adversary Proceeding ("Motion") filed by Defendants E. Clark Riley and Judith A. Riley (collectively "Defendants"). (ECF No. 2.) Defendants ask the Court to withdraw the referral of this action to the United States Bankruptcy Court for the District of Colorado ("Bankruptcy Court"), and move the action to this Court. For the following reasons, Defendants' Motion is DENIED.

### I. BACKGROUND

On August 21, 2009, High Performance Real Estate, Inc., filed a voluntary petition for Chapter 7 bankruptcy protection in the Bankruptcy Court. (Bankr. D. Colo. Case No. 09-27266, Adv. Pro. No. 11-1577, ECF No. 1 ("Compl.") ¶ 5.)[1] Charles S.

---

[1] The action was automatically referred to the Bankruptcy Court pursuant to D.C.COLO.LCivR Rule 84.1.A.

Riley, Defendants' son, was the president and sole shareholder of High Performance Real Estate. (*Id.* ¶¶ 4, 6.) There is no indication that Defendants filed any proof of claim in the bankruptcy case. (*See id.* ¶¶ 4-15.)

On August 20, 2011, David E. Lewis ("Trustee"), who had been appointed as chapter 7 trustee in the bankruptcy case, filed a related adversary proceeding in the Bankruptcy Court against Defendants. (Compl. ¶ 3.) The Complaint in the adversary proceeding alleged that the entirety of the business operations of High Performance Real Estate was a fraudulent scheme, and that Charles Riley used Defendants—his parents—as knowing and willing participants in the fraud by regularly transferring substantial sums of money to Defendants to obscure fraudulent real estate transactions. (*Id.* ¶¶ 8-20.) The Trustee brought claims against Defendants for fraudulent transfer under 11 U.S.C. §§ 548(a)(1)(B) and 544, and preference under 11 U.S.C. § 547, seeking to avoid the transfers made to Defendants. (*Id.* ¶¶ 16-25.)

On February 15, 2013, Defendants filed the instant Motion. (ECF No. 2.) The Trustee filed an Objection on February 27, 2013. (ECF No. 4.) Defendants filed no Reply. On March 12, 2013, the Bankruptcy Court referred the Motion to this Court pursuant to D.C.COLO.LCivR Rule 84.1. (ECF No. 6.)

## II.  LEGAL STANDARD

Bankruptcy courts have statutory authority to enter final orders and judgments in "core proceedings." *See* 28 U.S.C. § 157(b)(1) ("[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments");

*Plotner v. AT&T Corp.*, 224 F.3d 1161, 1172 (10th Cir. 2000) ("bankruptcy courts have plenary jurisdiction over 'core' bankruptcy proceedings"). A party filing a responsive pleading in an adversary proceeding must "admit or deny an allegation that the proceeding is core or non-core. If the response is that the proceeding is non-core, [the responsive pleading] shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge." Fed. R. Bankr. P. 7012(b). Although a court is not bound by the parties' agreement that an action is a core proceeding, *Teton Exp. Drilling, Inc. v. Bokum Res. Corp.*, 818 F.2d 1521, 1524-25 (10th Cir. 1987), "an allegation that the proceeding is core serves as an express consent for the bankruptcy court to treat that proceeding as core and enter a final order in that proceeding." *In re C.W. Mining Co.*, 2009 WL 4906702, at *2 (D. Utah Dec. 11, 2009).

In a series of cases culminating in 2011, the Supreme Court confirmed that a Bankruptcy Court's final authority is restricted not only by statute, but also by constitutional requirements that limit the jurisdiction of a non-Article III Court such as a Bankruptcy Court to certain types of claims. *See Stern v. Marshall*, 131 S. Ct. 2594 (2011) (holding that the Bankruptcy Court did not have the constitutional authority to enter a final judgment on a state law counterclaim that would not be resolved in the process of ruling on a creditor's proof of claim); *Langenkamp v. Culp*, 498 U.S. 42 (1990) (holding that where a creditor files a proof of claim against a bankruptcy estate, that creditor is not entitled to a jury trial on a trustee's preference claim against it); *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989) (holding that an entity that has

not filed a proof of claim against a bankruptcy estate has a right to a jury trial on a trustee's fraudulent transfer claim against it); *Katchen v. Landy*, 382 U.S. 232 (1966) (holding that the Bankruptcy Court has jurisdiction over a trustee's voidable preference claim against a creditor only where a determination of the voidable preference issue was necessary to determine whether to allow the creditor's claim).

### III. ANALYSIS

Defendants' Motion, based upon *Stern v. Marshall*, argues that: (1) the Bankruptcy Court does not have the constitutional authority to enter final orders and judgment on Plaintiffs' claims in the adversary proceeding; (2) Defendants do not consent to the Bankruptcy Court's authority to do so; and (3) the referral of this action to the Bankruptcy Court should therefore be withdrawn and the action should be moved to this Court. (ECF No. 2 at 1-3.)  In response, the Trustee contends that *Stern* does not invalidate the Bankruptcy Court's authority to adjudicate preference and fraudulent transfer claims, and in any event, Defendants expressly consented to the Bankruptcy Court's authority, and waived any objection to it by not timely filing their Motion. (ECF No. 4 at 4-7.)

Regarding the parties' constitutional arguments, there is no binding authority in the Tenth Circuit applying *Stern* to preference and fraudulent transfer adversary proceedings, and the other circuits' interpretations of *Stern* in similar cases have not been uniform.  *See, e.g.*, *Technical Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 401 (5th Cir. 2012); *Waldman v. Stone*, 698 F.3d 910, 921 (6th Cir. 2012); *Pearson Educ., Inc. v. Almgren*, 685 F.3d 691, 695 (8th Cir. 2012); *In re*

4

*Bellingham Ins. Agency, Inc.*, 702 F.3d 553, 568-69 (9th Cir. 2012)[2]. Thus, just as this Court ruled in *Mercury Companies, Inc. v. FNF Security Acquisition, Inc.*, 460 B.R. 778 (D. Colo. 2011), "[t]here is some question in this case as to whether the Bankruptcy Court would have had the authority, absent the parties' consent, to enter orders and judgment in the Adversary Proceeding." *Mercury*, 460 B.R. at 780 (citing *Stern*, 131 S. Ct. 2594; *Langenkamp*, 498 U.S. 42; *Granfinanciera*, 492 U.S. 33).

However, the Court need not decide the constitutional question here, because just as in *Mercury*, both parties here have consented to the Bankruptcy Court's authority to enter orders and judgment. *See Mercury*, 460 B.R. at 781; *see also In re Kingston*, 2012 WL 632398, at *3 (Bankr. D. Idaho 2012) ("Even if the Court did not have constitutional power to enter a final judgment as to any of the claims raised by the parties in this adversary proceeding, the parties, in their submissions, have expressly consented to the Court's entry of such judgments.").

First, Defendants admitted in their Answer to the Complaint that the Bankruptcy Court had jurisdiction over the action and that the action was a core proceeding under 28 U.S.C. § 157. (*See* Bankr. D. Colo. Case No. 09-27266, Adv. Pro. No. 11-1577, ECF No. 4 ("Answer") ¶ 1 (admitting the jurisdictional allegations in ¶ 1 of the Complaint).) The Trustee's Complaint specifically alleged that the Bankruptcy Court had jurisdiction over the adversary proceeding under 11 U.S.C. §§ 544, 574, and 548, and 28 U.S.C. §§ 157 and 1334, and that the adversary proceeding was a core

---

[2] Notably, on June 24, 2013, one day prior to the entry of the instant Order on Defendants' Motion, the Supreme Court granted certiorari in *In re Bellingham*, further highlighting the instability of the law in this arena. 570 U.S. __, 2013 WL 3155257 (U.S. June 24, 2013).

proceeding under 28 U.S.C. §§ 157(b)(2)(F), (H), and (O).  (Compl. ¶ 1.)  In admitting the jurisdictional allegations in their Answer to the Complaint, Defendants not only agreed that the proceeding was core, but also expressly consented to the authority of the Bankruptcy Court to enter orders and judgment in the proceeding.  (Answer ¶ 1); *see also Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1293 (10th Cir. 1980) (where an answer fails to deny jurisdictional allegations, the allegations are properly deemed admitted) (citing Fed. R. Civ. P. 8(d)); *In re Bellingham*, 702 F.3d at 568-69 (noting that Fed. R. Bankr. P. 7008 and 7012 require a statement in both a complaint and responsive pleading as to whether the matter is core, and if non-core, whether "the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge," and such acquiescence to the bankruptcy judge's authority is considered express consent permitting authority over non-core matters).

      Second, Defendants' actions in this case demonstrate their consent to the Bankruptcy Court's authority.  The record shows that after the Complaint was filed on August 20, 2011, Defendants proceeded under the authority of the Bankruptcy Court without complaint for 17 months, filed witness and exhibit lists for trial, and raised the question of the Bankruptcy Court's authority only at the pretrial conference—less than four weeks before trial was scheduled to take place.  (*See* ECF No. 4 at 2-3; Bankr. D. Colo. Case No. 09-27266, Adv. Pro. No. 11-1577, ECF Nos. 17, 19.)  The instant Motion was not filed until February 15, 2013, the day trial was originally scheduled to begin.  (ECF No. 2.)  This course of action is sufficient to support a finding that Defendants waived their right to bring such a challenge.  *See Mercury*, 460 B.R. at 782

(finding implied consent to Bankruptcy Court's authority to enter final orders and judgment where the defendants waited 19 months to challenge that authority, and meanwhile filed witness and exhibit lists, expert disclosures, deposition notices, dispositive motions, and a motion *in limine*).

In arguing that they did not consent to the Bankruptcy Court's authority, Defendants attempt to distinguish the course of action indicating consent in *Stern*, contending that because in this case the issue was raised before trial, no depositions were taken, and discovery was minimal, no consent had occurred.  (ECF No. 4 at 4.)  Defendants also cite *In re Bellingham*, in which the Ninth Circuit found that the parties had waived the argument challenging the Bankruptcy Court's authority by failing to raise it until the case reached the Court of Appeals, pointing out that the instant case is distinguishable because trial has not yet occurred.  (*Id.*)

The Court finds Defendants' argument unconvincing.  The allegedly limited nature of the discovery sought in the instant case belies the advanced stage of the litigation before the Bankruptcy Court, evidenced by the fact that Defendants raised this issue for the first time at the final pretrial conference and filed the instant Motion on the date trial was scheduled to begin.  (*See* ECF Nos. 2, 4.)  The ability of a defendant to impliedly consent to the Bankruptcy Court's authority through failure to challenge that authority is well supported in case law.  *See, e.g.*, *In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 96 (2d Cir. 2005) ("lienors, by litigating their maritime liens before the bankruptcy court, consented to the bankruptcy court's equitable jurisdiction to adjudicate and extinguish their liens"); *In re Kaiser Steel Corp.*, 95 B.R. 782, 788

(Bankr. D. Colo. 1989) ("[C]onsent under [28 U.S.C. §] 157(c)(2) . . . may be implied from a timely failure to object to the Bankruptcy Court's jurisdiction; or it may be implied from any act which indicates a willingness to have the Bankruptcy Court determine a claim or interest.").

Further, the Ninth Circuit made clear in *Bellingham* that it was evaluating the litigants' actions to determine implied consent to the Bankruptcy Court's authority in a context where no express consent was present. *See In re Bellingham*, 702 F.3d at 568-69. The *Bellingham* Court compared such implied consent in a core proceeding with the requirement in the Federal Rules of Bankruptcy Procedure that "only express consent in the pleadings or otherwise is effective" to concede the Bankruptcy Court's authority in a non-core proceeding. *Id.* at 568 (citing Advisory Comm. Note to Fed. R. Bankr. P. 7008). In contrast, this case not only involves a core proceeding, but it also contains an indication of express consent.

Thus, even if Defendants' actions in the instant case were insufficient to establish implied consent on their own, Defendants' express consent in their pleadings to the Trustee's jurisdictional allegations forecloses any successful argument that Defendants never agreed to the Bankruptcy Court's authority to enter a final order or judgment. *See Stern*, 131 S. Ct. at 2606-08 (holding that "[i]f [the defendant] believed that the Bankruptcy Court lacked the authority to decide his claim for defamation, then he should have said so—and said so promptly."); *see also In re Wash. Coast I, L.L.C.*, 485 B.R. 393, 407 (B.A.P. 9th Cir. 2012) (collecting cases and agreeing that "*Stern* does not affect the parties' ability to consent to the authority (constitutional or

otherwise) of the bankruptcy court to enter a final judgment in this adversary proceeding.").

Accordingly, given Defendants' express consent to the Bankruptcy Court's authority, as well as consent implied through their actions, the Court finds that Defendants agreed to submit to the authority of the Bankruptcy Court in this case. Therefore, the Court refuses to withdraw the reference at this late stage of that proceeding.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Defendants' Motion to Withdraw the Reference (ECF No. 2) is DENIED; and

2. This action is hereby REFERRED to the United States Bankruptcy Court for the District of Colorado for all further proceedings.

Dated this 25th day of June, 2013.

BY THE COURT:

_____
William J. Martínez
United States District Judge